COBB, Judge.
The defendant, Williams, was convicted of possession and delivery of cocaine in two counts. He was sentenced to sixteen months DOC with 242 days credit for time served on each. The sentences were to run concurrently. At sentencing, Williams challenged a pri- or conviction and the state concedes it should not have figured in the calculation of the scoresheet.
Assuming that the prior conviction is removed and the total points are reduced to 36.8 points, the lower court would still have discretion to “increase sentence points” up to fifteen percent, which would bring the total back up to 42.3 “total sentence points.” To properly calculate the DOC sentence, 28 points are then deducted from the total sentence points inasmuch as the total exceeded 40. The resulting number of 14.3 represents state prison months.
While the Florida Rules of Criminal Procedure allow a court to increase or decrease state prison months up to twenty-five percent, they may not be increased where the court has already exercised its discretion by increasing total points from under 40 to over 40 as in the instant case. See Fla.R.Crim.P. 3.702(d)(16).
Accordingly, we reverse and remand with instructions to the lower court to resentence Williams to fourteen months DOC instead of the sixteen months previously ordered.
REVERSED AND REMANDED WITH INSTRUCTIONS.
GRIFFIN and THOMPSON, JJ., concur.